1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

HDK INVESTMENTS LLC,

Plaintiff,

v.

GREEN SKY LABS (USA) LLC, et al.,

Defendants.

CASE NO. C20-462 MJP

ORDER ON MOTION TO
REMAND

15

16 The above-entitled Court, having received and reviewed:

17 1.  Plaintiff's Motion for Remand to State Court (Dkt. No. 11),

18 2.  Green Sky Lab Defendants' Opposition to Motion for Remand to State Court (Dkt.

19 No. 13),

20 3.  Plaintiff's Reply in Support of Motion for Remand to State Court (Dkt. No. 16),

21 all attached declarations and exhibits, and relevant portions of the record, rules as follows:

22 IT IS ORDERED that the motion is GRANTED.  The matter is remanded to King County

23 Superior Court.

24

ORDER ON MOTION TO REMAND - 1

**Background**

In 2015, Plaintiff executed a lease for one of its buildings with Defendant Green Sky Labs (USA) LLC ("GSL USA"), a Colorado limited liability company which Plaintiff alleges is wholly owned by its parent company, Defendant Green Sky Labs Inc. ("GSL Canada").  Dkt. No. 12, Decl. of Honig, ¶ 1, Ex. A; Dkt. No. 4, Corporate Disclosure Statement.  The term of the lease was for seven years.  Id., Ex. A at § 1.03.  Additionally, the lease contained the following provision:

> This lease shall be construed pursuant to Washington law, and the venue
> for any action arising hereunder shall be in King County Superior Court,
> in Seattle, Washington.

Id. at § 1.02.

Plaintiff alleges that in October 2019 it received correspondence from GSL Canada terminating the lease.  Decl. of Honig, Ex. D.  On February 24, 2020, Plaintiff filed a complaint in King County Superior Court, alleging claims for parent liability, breach of contract, and waste.  Dkt. No. 1-1 at 4-5.  On March 27, 2020, Defendant GSL USA filed a notice of removal which indicated that co-Defendant GSL Canada consented to the removal.  Dkt. No. 1.  Plaintiff seeks a remand to King County Superior Court.

**Discussion**

Plaintiff advances two theories under which it contends remand is appropriate.  The first is that GSL USA is subject to a mandatory forum selection clause and hence barred from removing the matter to federal court.  The second is that GSL Canada, although a non-signatory to the contract, should be viewed as the "true party" to the lease and thus bound by its forum selection clause as well.   Finding that the first ground is adequate to support the remand request, the Court declines to reach the second.

1    The removing party has the burden of demonstrating the removal is proper; there is a

2    strong presumption against removal.  Abrego v. Dow Chem. Co., 443 F.3d 676, 685 (9th Cir.

3    2006); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  The Court finds that Dart

4    Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547 (2014), cited by Defendants, is

5    inapplicable here: the Supreme Court's lifting of the presumption against removal in that case

6    was confined to class actions arising under the Class Action Fairness Act of 2005.

7    The Court is aware that, in the Ninth Circuit, "[t]he right of removal is statutory and,

8    generally, it is the waiver of a statutory right that must be set forth, not the intent to rely on the

9    statute." Ferrari, Alvarez, Olsen & Ottoboni v. Home Ins. Co., 940 F.2d 550, 554 (9th Cir.

10   1991).  But there are several ways a defendant might waive its right to removal: "[1] by

11   explicitly stating that it is doing so; [2] by allowing the other party the right to choose venue; or

12   [3] by establishing an exclusive venue within the contract." Assad v. Joseffson, No. CV 18-2470

13   PSG (JPRx), 2018 U.S. Dist. LEXIS 102559, at *22 (C.D. Cal. June 19, 2018)(*citing* Ensco Int'l

14   v. Certain Underwriters at Lloyd's, 570 F.3d 443, 443-44 (5th Cir. 2009)).

15   The Court finds that the mandatory language ("the venue for any action arising hereunder

16   shall be in King County Superior Court") of the lease's forum selection provision is adequate to

17   establish the waiver of the right to removal.  The word "shall" is indicative of a mandatory

18   instruction; it cannot be properly construed in an optional or discretionary manner. *See* Jama v.

19   Immigration & Customs Enforcement, 543 U.S. 335, 346 (2005); *also* Ctr. for Biological

20   Diversity v. Norton, 254 F.3d 833, 837 (9th Cir. 2001)("shall means shall").

21   The Court also rejects Defendants' contention that Plaintiff's claims in this matter do not

22   "arise under" the lease.  The breach of contract claim obviously relates directly to the agreement

23

24

ORDER ON MOTION TO REMAND - 3

1   at issue.  The claim of waste relates to allegations that GSL USA used Plaintiff's property in an

2   unreasonable or improper fashion certainly not intended under the terms of their agreement.[1]

3         In a multi-defendant case, removal is not permitted without the consent of all defendants.

4   28 U.S.C. § 1446.  Where one of the parties has waived the right to consent to removal, removal

5   is not possible.  GSL USA, in executing a contract with a mandatory forum selection clause such

6   as the one cited here, has waived its right to removal, thus the removal itself was improper.

7         Plaintiff's motion will be GRANTED on that basis, and the matter is ordered to be

8   remanded to the King County Superior Court.

9

10        The clerk is ordered to provide copies of this order to all counsel.

11        Dated August 13, 2020.

12

13                              Marsha J. Pechman
                                United States Senior District Judge
14

15

16

17

18

19

20

21

22

---

23  [1] A review of the lease reveals provisions relating to restrictions on alterations to the premises, plus warranties to keep the premises in "neat and clean condition" and "in good order and repair and in tenantable condition," all of
24  which are implicated in a claim of waste.  Decl. of Honig, Ex. A at §§ 4.04, 5.05, and 7.02.